QUESTION: Are vocational education programs of the Department of Offender Rehabilitation a part of the state system of public education, and, if so, are these programs eligible to receive capital outlay funds from the Public Education Capital Outlay and Debt Service Trust Fund?
SUMMARY: Legislatively authorized education programs of the Department of Offender Rehabilitation are part of the state public education system, and are eligible for funds allocated by the State Board of Education from the Public Education Capital Outlay and Debt Service Trust Fund. Your question is answered in the affirmative by the following discussion. The State Constitution authorizes a state system of public education which may be defined by law. Section 1, Art. IX, State Const., reads as follows: System of public education. — Adequate provision shall be made by law for a uniform system of free public schools and for the establishment, maintenance and operation of institutions of higher learning and other public education programs that the needs of the people may require. (Emphasis supplied.) See also s. 2, Art. IX, State Const., authorizing the State Board of Education to supervise the system "as is provided by law." The language in s. 1, Art. IX, State Const., does not limit the legislative definition of the system to the free public schools and institutions of higher learning, but allows that legislative definition to include a broad range of educational programs. The legislative definition of the public education system is found in ss. 228.03 and 228.041(1), F. S. Section 228.03 reads in its entirety: Scope of state system. — The state system of public education includes such school systems, schools, institutions, agencies, services, and types of instruction as may be provided and authorized by law, or by regulations of the state board within limits prescribed by law. Section 228.041(1) reads in pertinent part: STATE SYSTEM OF PUBLIC EDUCATION. — The state system of public education shall consist of such publicly supported and controlled schools, institutions of higher education, other educational institutions, and other educational services as may be provided or authorized by the Constitution and laws of Florida. (Emphasis supplied.) * * * * * (d) Other educational institutions. — Other statesupported institutions primarily of an educational nature shall be considered parts of the state system of public education. The educational functions of other statesupported institutions not primarily of an educational nature but which have specific educational responsibilities shall be considered responsibilities belonging to the state system of public education. (Emphasis supplied.) The language of these statutes is broad and nonexclusive; they would appear to encompass all educational programs carried out in state institutions, such as those of the Department of Offender Rehabilitation, as long as those programs are not expressly excluded. Examination of the statutes requiring and authorizing vocational education programs in the Department of Offender Rehabilitation reveals no such exclusionary language. On the contrary, these statutes mandate substantial involvement in and control over these programs by the public education system. Section 944.19, F. S., provides: Vocational, adult, and academic education of prisoners under the jurisdiction of the department. — (1) The !mb1!x[Department of Offender Rehabilitation] shall establish educational programs for the prisoners under the jurisdiction of the !mb1!x[department] utilizing personnel of the !mb1!x[department], or by arranging for instruction to be given by public or private educational agencies of the state. (2) The !mb1!x[department] shall cooperate with the school board and the State Department of Education, which may establish and maintain classes for prisoners under the jurisdiction of the !mb1!x[department], to provide instruction of a vocational, adult, or academic nature designed to meet the needs of said prisoners. Such instruction is to be under the supervision and control of the school board in which the institution is located. For the organization and operation of these classes, school boards are authorized to expend funds available to them either from local sources or through the minimum foundation program as provided by law. (3) This program shall be operated in the various institutions only with the approval of the State Board of Education. The department is required not only to cooperate with agencies of the public education system, but to accept the supervision of local school boards and obtain approval from the State Board of Education for programs established under this section. The language "[t]his program" in subsection (3) makes it clear that this section envisions a single, unified educational program in which the department is required to participate and in which the public education system has a controlling influence. See also ss. 944.551, 944.56, and 944.57, F. S., which further describe the vocational education programs of the department but in no way limit the role of the public education system. I therefore conclude, based upon my reading of these statutes, that the vocational education programs of the department are within the scope of the public education system. The second part of your question concerns the eligibility of these programs for capital outlay funds of the Public Education Capital Outlay and Debt Service Trust Fund, hereinafter called the Capital Outlay Fund. This fund is established by s. 9(a)(2), Art. XII, State Const. The relevant provisions of that section are as follows: . . . [R]evenues derived from the gross receipts taxes . . . shall, as collected, be placed in a trust fund to be known as the "public education capital outlay and debt service trust fund" in the state treasury (hereinafter referred to as "capital outlay fund"), and used only as provided herein. The capital outlay fund shall be administered by the state board of education as created and constituted by Section 2 of Article IX of the Constitution of Florida as revised in 1968 (hereinafter referred to as "state board") . . . . State bonds pledging the full faith and credit of the state may be issued, without a vote of the electors, by the state board pursuant to law to finance or refinance capital projects theretofore authorized by the legislature, and any purposes appurtenant or incidental thereto, for the state system of public education provided for in Section 1 of Article IX of this Constitution (hereinafter referred to as "state system"), including but not limited to institutions of higher learning, junior colleges, vocational technical schools or public schools, as now defined . . . by law. * * * * * The moneys in the capital outlay fund in each fiscal year shall be used only for the following purposes and in the following order of priority: a. For the payment of the principal of and interest on any bonds maturing in such fiscal year; b. For the deposit into any reserve funds provided for in the proceedings authorizing the issuance of bonds of any amounts required to be deposited in such reserve funds in such fiscal year; c. For direct payment of the cost or any part of the cost of any capital project for the state system theretofore authorized by the legislature, or for the purchase or redemption of outstanding bonds in accordance with the provisions of the proceedings which authorized the issuance of such bonds. (Emphasis supplied.) There is no limit in these provisions to the projects or programs which may receive funds, except that: They must be part of the state public education system; they must be legislatively authorized; and the State Board of Education must, in its discretion, allocate the funds. I therefore conclude that vocational education programs of the department are eligible for funding as part of the public education system; that is, that they meet the first requirement. A previous opinion from this office, AGO 075-150, appears to take a more restrictive approach to the eligibility question. Specifically, that opinion concerned the eligibility of the Florida School for the Deaf and Blind and the public broadcasting system for funding under the Capital Outlay Fund. That opinion, however, was based upon the provisions of s. 9(a), Art. XII, State Const., that were in force at the time of its issuance; since that opinion was issued, an amendment to s. 9(a), Art. XII, has taken effect, which I believe was intended to increase the number of programs for which the fund is available. In a letter dated June 30, 1975, a copy of which is attached, I indicated that under the amendments to s. 9(a), Art. XII, AGO 075-150 would no longer be valid. I believe the plain language of the constitutional provision, as it stands today, supports the conclusion that vocational education programs of the department are eligible for capital outlay funds.